**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7378

ADRIAN JONES,

Petitioner - Appellant,

versus

COMMISSIONER OF CORRECTIONS; ATTORNEY GENERAL
FOR THE STATE OF MARYLAND,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.
(CA-04-1182-1-BEL)

Submitted:  January 27, 2005          Decided:  February 2, 2005

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Adrian Jones, Appellant Pro Se. Ann Norman Bosse, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Adrian Jones seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 (2000) petition for failure to exhaust state remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Jones has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED